FILED

September 6, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:    MR
Deputy

SEALED

Case No: SA:23-CR-00473-OLG

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAMSEY CADENA (1) <br> SHAWN GUTIERREZ (2) <br> CHRIS GUTIERREZ (3) <br> JORGE E. GAMBOA JR. (4) <br> JORGE A. GAMBOA SR. (5) <br> YAO YAO aka "MIKE" (6) <br> CAROL A. GARCIA (7) <br> ▬▬▬▬▬▬▬▬▬ <br><br> ARSLAN IJAZ (10), <br><br> Defendants. | **INDICTMENT** <br><br> **COUNT 1: 18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering** <br><br> **COUNTS 2-15: 18 U.S.C § 1956(a)(3)(B) – Laundering of Property Represented to be the Proceeds of Specified Unlawful Activity** |

THE GRAND JURY CHARGES:

**COUNT ONE**
**[18 U.S.C. § 1956(h)]**

Beginning in or around April 2022, and continuing through the present, in the Western

District of Texas and elsewhere, the Defendants

RAMSEY CADENA (1),
SHAWN GUTIERREZ (2),
CHRIS GUTIERREZ (3),
JORGE E. GAMBOA JR. (4),
JORGE A. GAMBOA SR. (5),
YAO YAO aka "MIKE" (6),
CAROL A. GARCIA (7),
▬▬▬▬▬▬▬▬▬

**ARSLAN IJAZ (10),**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved property represented by a law enforcement officer and person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance in violation of 21 U.SC. §841, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, believed that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(3)(B).

All in violation of Title 18, United States Code, Section 1956(h).

## OBJECT OF THE CONSPIRACY

1. The object of the conspiracy was to enrich the conspirators by laundering what they believed were proceeds of the sale of controlled substances in exchange for a portion of those funds.

## MANNER AND MEANS OF THE CONSPIRACY

2. The conspiracy was carried out in the following manner and means, amongst others:

3. The defendants owned, had access to, or knew someone who had access to bank accounts associated with ostensibly legitimate businesses, or personal bank accounts with significant liquidity to launder money.

4. The defendants agreed to launder bulk cash they received from undercover law enforcement officers who posed as dealers of heroin and other controlled substances by returning a portion of the money via cashier's checks, business and personal checks, or wire transfers, and keeping a portion of the money as their fee.

5. Certain defendants, such as **CADENA**, **CHRIS GUTIERREZ**, **GAMBOA JR.** and **IJAZ**, requested that the undercover officers provide them with falsified invoices as justification for payments to covert bank accounts controlled by the Government.

6. Certain defendants, such as **GAMBOA JR.**, **YAO**, and **IJAZ**, proposed laundering money for the undercover officers through the purchase and sale of real estate.

7. On or about March 7, 2023, **GAMBOA JR.** proposed selling a residence he owned in San Antonio, located at 31 Via Aragon, to undercover officers as a means of converting what he believed to be heroin proceeds into a clean asset.

8. The defendants' financial transactions and attempted financial transactions include the following:

    a. On or about May 17, 2022, **CHRIS GUTIERREZ** obtained a cashier's check issued by Frost Bank from "RC Elite Construction" for $22,750 payable to a covert bank account.

    b. On or about August 19, 2022, **CHRIS GUTIERREZ** sent a wire transfer through Frost Bank from "Chris V Gutierrez DBA CVG" for $35,850 to a covert bank account.

    c. On or about September 13, 2022, ▮▮▮▮▮▮▮▮▮▮ provided undercover officers with a postdated check ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ payable to a covert bank account. ▮▮▮▮▮▮▮

████████████████████

d.  On or about September 16, 2022, **CADENA** sent a wire transfer through PNC Bank from "Joint Venture Smoke Shop" for $19,760 to a covert bank account.

e.  On or about September 27, 2022, **GAMBOA SR.** obtained a cashier's check issued by PNC Bank from "Gamboa Management LLC" for $46,000 payable to a covert bank account.

f.  On or about October 5, 2022, **YAO** provided undercover officers with a postdated check issued by Bank of America from "Yao 1 Corporation" for $25,500 payable to a covert bank account.  The memo line read "Granite [illegible]".

g.  On or about October 25, 2022, **IJAZ** sent a wire transfer through NavyArmy Community Credit Union from "Chaki Walia Enterprises LLC" for $45,500 to a covert bank account.

h.  On or about November 7, 2022, **GARCIA** aided and abetted the sending of a wire transfer through PlainsCapital Bank from "Struxture Home Design, LLC" for $11,000 to a covert bank account.

i.  On or about December 1, 2022, **GAMBOA SR.** provided a check to another person issued by 1 FirstBank from "Jorge E Gamboa Y/O Klarissa Gamboa" for $89,000 payable to a covert bank account.  The memo line read "Loan Reimbursement".

j.  On or about December 1, 2022, **YAO** provided a check to another person issued by Bank of America from "Yao 1 Corporation" for $18,200 payable to a covert bank account.  The memo line read "Tiles & Stone for 197[illegible]".

k.  On or about March 7, 2023, **GAMBOA JR.** provided undercover officers with a cashier's check issued by Security Service Federal Credit Union from an account

in his name for $180,000 payable to a covert bank account.

l.   On or about May 31, 2023, **GAMBOA JR.** provided undercover officers with a

cashier's check issued by Security Service Federal Credit Union from an account

in his name for $207,000 payable to a covert bank account.

m.   On or about June 28, 2023, **GAMBOA JR.** provided undercover officers with a

cashier's check issued by Security Service Federal Credit Union from an account

in his name for $178,000 payable to a covert bank account.

All in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(3)(B).

## COUNT TWO
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about May 17, 2022, in the Western District of Texas, Defendants

**SHAWN GUTIERREZ (2) and
CHRIS GUTIERREZ (3),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership

and control of property, believed to be the proceeds of specified unlawful activity, did knowingly

conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce

involving property represented by a law enforcement officer and a person at the direction of a law

enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a

Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT THREE
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about August 19, 2022, in the Western District of Texas, Defendants

**SHAWN GUTIERREZ (2) and
CHRIS GUTIERREZ (3),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT FOUR
### [18 U.S.C. §§ 1956(a)(3)(B), 2]

On or about September 13, 2022, in the Western District of Texas, Defendants

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT FIVE
### [18 U.S.C. § 1956(a)(3)(B)]

On or about September 16, 2022, in the Western District of Texas, Defendant

### RAMSEY CADENA (1),

with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer

to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT SIX
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about September 27, 2022, in the Western District of Texas, Defendants

**JORGE E. GAMBOA JR. (4) and**
**JORGE A. GAMBOA SR. (5),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT SEVEN
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about October 5, 2022, in the Western District of Texas, Defendants

**RAMSEY CADENA (1) and**
**YAO YAO aka "MIKE" (6),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT EIGHT
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about October 5, 2022, in the Western District of Texas, Defendants

████████████████████████████

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership

and control of property, believed to be the proceeds of specified unlawful activity, did knowingly

conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce

involving property represented by a law enforcement officer and a person at the direction of a law

enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a

Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT NINE
### [18 U.S.C. §§ 1956(a)(3)(B), 2]

On or about October 25, 2022, in the Western District of Texas, Defendants

**RAMSEY CADENA (1) and
ARSLAN IJAZ (10),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership

and control of property, believed to be the proceeds of specified unlawful activity, did knowingly

conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce

involving property represented by a law enforcement officer and a person at the direction of a law

enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a

Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT TEN
### [18 U.S.C. §§ 1956(a)(3)(B), 2]

On or about November 7, 2022, in the Western District of Texas, Defendants

**CAROL A. GARCIA (7),**

████████████████████████████

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT ELEVEN
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about December 1, 2022, in the Western District of Texas, Defendants

**JORGE E. GAMBOA JR. (4) and**
**JORGE A. GAMBOA SR. (5),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT TWELVE
**[18 U.S.C. §§ 1956(a)(3)(B), 2]**

On or about December 2, 2022, in the Western District of Texas, Defendants

**RAMSEY CADENA (1) and**
**YAO YAO aka "MIKE" (6),**

aiding and abetting each other, with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce

involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT THIRTEEN
**[18 U.S.C. § 1956(a)(3)(B)]**

On or about March 7, 2023, in the Western District of Texas, Defendant

**JORGE E. GAMBOA JR. (4),**

with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT FOURTEEN
**[18 U.S.C. § 1956(a)(3)(B)]**

On or about May 31, 2023, in the Western District of Texas, Defendant

**JORGE E. GAMBOA JR. (4),**

with the intent to conceal and disguise the nature, source, ownership and control of property, believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property represented by a law enforcement officer and a person at the direction of a law enforcement officer to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT FIFTEEN
**[18 U.S.C. § 1956(a)(3)(B)]**

On or about June 28, 2023, in the Western District of Texas, Defendant

**JORGE E. GAMBOA JR. (4),**

with the intent to conceal and disguise the nature, source, ownership and control of property,

believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to

conduct a financial transaction affecting interstate or foreign commerce involving property

represented by a law enforcement officer and a person at the direction of a law enforcement officer

to be proceeds of specified unlawful activity, to wit: Distribution of a Controlled Substance, in

violation of Title 18, United States Code, Section 1956(a)(3)(B).

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

This Notice of Demand for Forfeiture includes but is not limited to the real and personal

properties described in Paragraph II.

**I.**
### Money Laundering Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1956(a)(3)(B) and (h), subject to forfeiture**
**pursuant to Title 18 U.S.C. § 982(a)(1)]**

As a result of the criminal violations set forth in Counts One through Fifteen, the United

States of America gives notice to the Defendants of its intent to seek the forfeiture of the real and

personal properties described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title

18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982.  Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957 or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

**II.**
**Subject Properties**

**Real Property:**

31 Via Aragon, San Antonio, TX 78257, described as Lot 9, Block 27, New City Block 16385, Brenthurst at the Dominion.

**Bank Accounts:**

1. Funds seized from Security Service Federal Credit Union bank account 4830020171 for Jorge E. Gamboa

2. Funds seized from 1First Bank of Puerto Rico bank account 8090064191 for Jorge E. Gamboa

**Money Judgment:**

A sum of money equal to Four Million Seven Hundred Seventy-Five Thousand and No/100 Dollars ($4,775,000) representing the amount of property involved in or traceable to the violations set forth in the Counts referenced above for which each Defendant is solely liable.

**Substitute Assets:**

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

 a.  cannot be located upon the exercise of due diligence;
 b.  has been transferred or sold to, or deposited with, a third party;
 c.  has been placed beyond the jurisdiction of the Court;
 d.  has been substantially diminished in value; or
 e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by Defendants up to the value of the money judgment as substitute assets pursuant to Title 21 U.S.C

§ 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR ERIC YUEN
Assistant United States Attorney